■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McVAY, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered September 30, 1987, convicting him of attempted robbery in the first degree and assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Having failed to move prior to the imposition of sentence to withdraw his plea, the defendant has not preserved for appellate review his challenge to the sufficiency of the plea allocution *(see, People v Pellegrino,* 60 NY2d 636). Nor is reversal warranted in the interest of justice. A defendant who accepts a bargained-for plea to a lesser offense than that charged in the indictment may not challenge the factual basis for the plea *(see, People v Pelchat,* 62 NY2d 97, 108; *People v Clairborne,* 29 NY2d 950). Thus, the defendant's claim that his factual recitation was legally insufficient is precluded. In any event, the record amply demonstrates that the defendant knowingly and voluntarily entered his guilty plea, and there is no suggestion that the plea was improvident or baseless *(see, People v Caban,* 131 AD2d 863). The court's inquiry fully comported with the requirements of *People v Harris* (61 NY2d 9). Furthermore, the defendant pleaded guilty with the full understanding that he would receive the sentence that was actually imposed. Thus, he will not now be heard to complain that his sentence was excessive *(see, People v Kazepis,* 101 AD2d 816). Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.