■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW FRAZIER, Appellant.—Appeal by the defendant from three judgments of the County Court, Nassau County (Thorp, J.), rendered September 5, 1989, convicting him of criminal possession of stolen property in the fourth degree under Indictment No. 67662, attempted robbery in the second degree under Indictment No. 71221, and criminal possession of stolen property in the fourth degree and reckless endangerment in the first degree under Indictment No. 71289, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered upon Indictment No. 67662 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgments are affirmed.

On appeal the defendant contends that the stop of his vehicle on the Southern State Parkway was improper because the State Troopers lacked reasonable suspicion to believe that he committed a speeding violation, and because the State Troopers' claim that the stop was predicated upon a traffic infraction was pretextual. However, since neither of these arguments was advanced before the hearing court, they are unpreserved for appellate review (see, People v Tutt, 38 NY2d 1011; People v Burgess, 168 AD2d 685). In any event, contrary to the defendant's contentions, the State Troopers' uncontroverted testimony that they observed him driving at a speed of 35 to 40 miles per hour on the parkway entrance ramp, which has a posted speed limit of 20 miles per hour, provided reasonable grounds to suspect a violation of the Vehicle and Traffic Law, and justified the stop of the defendant's vehicle (see, Vehicle and Traffic Law § 1180 [d]; People Ellis, 62 NY2d 393; People v Francois, 155 AD2d 685; People v Ricciardi, 149 AD2d 742).

Further, the defendant's challenge to the factual sufficiency of his plea allocution under Indictment No. 71221 to the crime of attempted robbery in the second degree is unpreserved for appellate review (see, People v Lopez, 71 NY2d 662; People v Pellegrino, 60 NY2d 636). In any event, by pleading guilty to a lesser crime in full satisfaction of that charged in the indictment, the defendant forfeited the right to challenge the factual basis of the plea (see, People v Pelchat, 62 NY2d 97; People v McVay, 148 AD2d 474).

We have examined the defendant's remaining contention, and find it to be unpreserved for appellate review. Mangano, P. J., Brown, Sullivan and Eiber, JJ., concur.