■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMADOR YOUNG, Appellant. [595 NYS2d 69] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered February 27, 1991, convicting him of manslaughter in the first degree and robbery in the first degree, upon his plea of guilty, and sentencing him to consecutive indeterminate terms of 8 to 24 years imprisonment and 5 to 15 years imprisonment, respectively.

Ordered that the judgment is modified, on the law, by providing that the terms of imprisonment shall be served concurrently; as so modified, the judgment is affirmed.

The defendant's challenge to the factual sufficiency of his plea allocution is not preserved for appellate review since he failed to move prior to the imposition of sentence to withdraw his plea based on this ground (see, People v McVay, 148 AD2d 474). Moreover, reversal in the exercise of our interest of justice jurisdiction is not warranted since the defendant accepted a bargained-for plea to a lesser offense than that charged in the indictment (see, People v McVay, supra).

Since the defendant's act of stabbing his victim, for which he was convicted of manslaughter in the first degree, was a material element of the robbery in the first degree conviction (i.e., he caused serious injury to the victim in immediate flight from forcibly stealing property from the victim), the sentences for these two crimes should run concurrently with each other (see, Penal Law § 70.25 [2]; People v Day, 73 NY2d 208, 211). Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.