■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN STOVER, Appellant. [658 NYS2d 660] —Appeals by the de-

fendant (1) from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered February 11, 1993, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, entered January 24, 1995, which denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground of newly discovered evidence, and the appeals are held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

The Supreme Court denied, without a hearing, the defendant's motion pursuant to CPL 440.10 (1) (g) to vacate his conviction based upon newly discovered evidence. In summarily denying the motion, the trial court relied on CPL 440.10 (2) (b), which requires denial when an appeal from the judgment is pending (as it was in this instance), and "sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal".

It was error for the court to deny the motion without a hearing. The trial record on the appeal from the judgment does not afford an adequate basis for the trial court, or this Court, to determine the merits of the defendant's claim of newly discovered evidence. This case is unusual in that, shortly after the conviction, the Assistant District Attorney who prosecuted this case interviewed a number of individuals with respect to a separate criminal proceeding. Those individuals purported to have factual knowledge of the defendant's case. Based upon those interviews and other insights that he offered, the Assistant District Attorney prepared a lengthy memorandum to his Bureau Chief in which he concluded that "there are enough indications to believe that [the defendant] did not commit the robbery * * * [and] is probably innocent".

Although we are unable to weigh the factual accuracy or any of the conclusions or opinions contained in the memorandum, they merit further inquiry. In the context of the trial record before us, and the evidence that the prosecutor refers to as having been acquired after the trial, we conclude that a hearing is necessary to air the defendant's claims pursuant to CPL 440.10 (1) (g) (see, People v Nicholson, 222 AD2d 1055). Accordingly, the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith. Bracken, J. P., Rosenblatt, Ritter and Luciano, JJ., concur.