■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN STOVER, Appellant. [678 NYS2d 734] —Appeals by the defendant (1) from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered February 11, 1993, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, entered January 24, 1995, which denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. By decision and order of this Court dated June 16, 1997, the matter was remitted to the Supreme Court, Kings County, to hear and report on the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground of newly discovered evidence, and the appeals were held in abeyance in the interim (*see, People v Stover,* 240 AD2d 601). The Supreme Court, Kings County, has conducted a hearing and filed its report.

Ordered that the judgment and order are affirmed.

Contrary to the defendant's contention, the prosecutor's summation did not constitute reversible error. Upon consideration of the record as a whole (*see, People v Dermon,* 237 AD2d 530; *People v D'Alessandro,* 184 AD2d 114), the prosecutor's remarks constituted an appropriate response to defense

counsel's summation and fair comment upon the evidence (see, *People v Galloway*, 54 NY2d 396; *People v Ceus*, 207 AD2d 905).

Similarly unpersuasive is the defendant's contention that reversible error took place as the result of the prosecutor's extensive voir dire regarding the qualifications of the defendant's handwriting expert. The prosecutor's questions were directly relevant to whether the defense expert was "possessed of the requisite skill, training, education, knowledge or experience" from which it could be assumed that his testimony was reliable, and thus the questions were not improper (*Matott v Ward*, 48 NY2d 455, 459).

The defendant's claim of improper bolstering is partially unpreserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245), and, in any event, lacks merit. In this case, where identification was the critical issue, the police witness' description testimony was properly admitted, as it involved the officer's own personal observations of the defendant and the codefendant (whose case was subsequently severed from this case and tried separately) as they attempted to flee from the scene of the crime. The testimony was probative of the officer's ability to accurately transfer the mental images made during his pursuit to the time and place of the corporeal identification (see, *People v Huertas*, 75 NY2d 487, 493; see, CPL 60.30; *People v Ross*, 186 AD2d 1006; *People v Guerra*, 168 AD2d 394).

The defendant's sentence was not excessive (see, *People v Suitte*, 90 AD2d 80).

Upon our review of the record, including the transcript of the postjudgment hearing, we conclude that the defendant's motion pursuant to CPL 440.10 (1) (g) to vacate his judgment of conviction based upon newly-discovered evidence was properly denied. Neither in his motion papers nor at the hearing did the defendant establish that the proffered evidence created the probability of a more favorable verdict or that the evidence could not have been produced by him at trial by the exercise of due diligence (see, *People v Robinson*, 211 AD2d 733; *People v Boyette*, 201 AD2d 490, 491; *People v Johnson*, 208 AD2d 562, 563; *People v Copeland*, 185 AD2d 280, 281-282).

The defendant's remaining contentions are without merit. Bracken, J. P., Rosenblatt, Ritter and Luciano, JJ., concur.