THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TATUM, Appellant. [835 NYS2d 217]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered July 24, 2003, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the police lacked reasonable suspicion to stop and detain him (*see* CPL 470.05 [2]; *People v Frazier*, 171 AD2d 809 [1991]). In any event, the contention is without merit since the complainant's general description of the perpetrator, which matched the defendant, combined with the defendant's temporal and spatial proximity to the robbery, provided the police with

reasonable suspicion to stop and detain him (*see People v Hunt*, 306 AD2d 497 [2003]; *People v Lynch*, 285 AD2d 518 [2001], *cert denied* 535 US 1081 [2002]).

"Showup procedures are permissible when, as here, they are conducted in close spatial and temporal proximity to the commission of a crime" (*People v Abdelghany*, 14 AD3d 711, 711-712 [2005]; *People v Ortiz*, 90 NY2d 533, 537 [1997]). The defendant's contention that the showup identification was unduly suggestive is without merit (*see People v Abdelghany, supra* at 711-712).

The defendant's argument that the Supreme Court did not comply with the procedural requirements of Penal Law § 70.10 and CPL 400.20 in adjudicating him a persistent felony offender is unpreserved for appellate review and, in any event, is without merit (*see* Penal Law § 70.10 [1] [a]; CPL 400.15 [2], [3], [4]; 400.16 [2]; 400.20 [1] [a]; *People v Cooper*, 241 AD2d 553, 554 [1997]; *People v Martin*, 167 AD2d 428, 429 [1990]).

Contrary to the defendant's contention, the prosecutor's summation comments were either responsive to the defense counsel's summation or fair comment upon the evidence (*see People v McHarris*, 297 AD2d 824 [2002]; *People v Stover*, 254 AD2d 377, 377-378 [1998]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Lewis*, 64 NY2d 1111, 1112 [1985]; Penal Law § 125.20 [1]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Mastro, J.P., Florio, Carni and McCarthy, JJ., concur.