The defendant’s Batson application (see Batson v Kentucky, *761 476 US 79 [1986]) was properly denied, as he failed to make the requisite prima facie showing of discrimination (see People v Brown, 97 NY2d 500 [2002]; People v Jenkins, 84 NY2d 1001 [1994]; People v Fryar, 29 AD3d 919 [2006]). In the absence of a record demonstrating adequate circumstances supporting a prima facie case, “the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of discrimination” (People v Bolling, 79 NY2d 317, 325 [1992]; see People v Childress, 81 NY2d 263, 268 [1993]).
The Supreme Court also properly determined that the explanation proffered by defense counsel when the prosecution made a reverse Batson-Kern challenge (see Batson v Kentucky, 476 US 79 [1986]; People v Kern, 75 NY2d 638 [1990], cert denied 498 US 824 [1990]) was a mere pretext offered in an attempt to conceal a discriminatory intent to exclude male prospective jurors. Accordingly, the challenged juror was properly seated.
The defendant’s contention that various comments made by the prosecutor during summation were improper and deprived him of a fair trial is without merit. The challenged remarks were either within the bounds of permissible rhetorical comment, fair response to arguments and issues raised by the defense, fair comment on the evidence, or cured by the trial court’s curative instruction to the jury (see People v Galloway, 54 NY2d 396 [1981]; People v Ashwal, 39 NY2d 105, 109 [1976]).
The defendant failed to preserve for appellate review his contention that the police lacked probable cause to arrest him (see CPL 470.05 [2]; People v Tatum, 39 AD3d 571 [2007]; People v Frazier, 171 AD2d 809 [1991]). In any event, this contention is without merit (see People v Chandler, 94 AD3d 1155 [2012]).
The defendant also failed to preserve for appellate review his contention that an adverse inference charge was an adequate remedy for the loss of a videotape and certain photographs (see CPL 470.05 [2]; People v Williams, 64 AD3d 734 [2009], affd 16 NY3d 480 [2011]; People v Castillo, 34 AD3d 221, 222 [2006]). In any event, the trial court providently exercised its discretion in determining that an adverse inference charge was the appropriate sanction for the loss of the evidence (see People v Kelly, 62 NY2d 516, 520-521 [1984]; People v Batista, 92 AD3d 793 [2012]).
The defendant’s remaining contentions, including those raised in his pro se supplemental brief, are without merit. Dillon, J.P., Leventhal, Austin and Miller, JJ., concur.