THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD GRAY, Appellant.

Second Department, December 27, 1982

#### APPEARANCES OF COUNSEL

*William E. Hellerstein* (*Hillard Wiese* of counsel; *Stephanie Knowles* on the brief), for appellant.

*Elizabeth Holtzman, District Attorney* (*Lawrence Garment, Barbara D. Underwood, Michael Halberstam* and *Elyse Bohm* of counsel), for respondent.

#### OPINION OF THE COURT

THOMPSON, J. P.

This case presents yet another of the seemingly innumerable unique factual variations arising out of police-citizen street encounters in which the duty of the police to deter crime must be balanced against respect for the individual rights so highly valued in our free society.

Defendant stands convicted of the crime of criminal possession of a weapon in the third degree, upon his guilty plea, following the denial of his motion to suppress a gun

seized during a street encounter. The sole issue presented is whether the police obtained the gun pursuant to a reasonable course of conduct. We hold that the police conduct constituted efficient, effective work that was fully respectful of defendant's rights. Accordingly, defendant's suppression motion was properly denied and the judgment of conviction must be affirmed.

The sole witness at the suppression hearing, Officer Jack Firneno, had eight and one-half years of experience as a police officer. On May 16, 1980 at 9:50 P.M., Firneno, in uniform, was on radio motor patrol with Officer DeMarco when he observed a lone man in the area of Pacific Street and Classon Avenue, who was looking at, and apparently playing with, an object in his hand. There were no other people on the street. The area consisted primarily of factories, with a few gas stations and offices, all of which were closed at night. Firneno testified that when he was almost abreast of the solitary street figure, he decided to speed up and get in front of the individual so that he could clearly see what was in his hand. Before Firneno could act, however, the person looked up from the object previously preoccupying him, saw the police car, and stepped quickly around the corner.

At this point Firneno maneuvered his car so that its headlights illuminated both sides of the corner. The man Officer Firneno had previously observed was standing with his back against the wall of a building. His hands were behind him, near the small of his back, and his arms were moving.

Firneno exited his vehicle and stood behind its door for protection. His gun was drawn but was behind the door and pointing down toward the street. Defendant was told to take his hands from behind his back. He complied, and was told to step away from the wall. When he did so, the gun that he had been attempting to secrete behind his back fell to the ground and he was arrested. Following the denial of defendant's motion to suppress the gun from evidence, he pleaded guilty to criminal possession of a weapon in the third degree, and this appeal ensued.

A careful and realistic analysis of the events of the encounter at issue compels the conclusion that each action

taken by the police was restrained, reasonable, and wholly deferential to the rights of this defendant and law abiding citizens generally. While on patrol in the dark of evening the police observed a lone individual in a deserted industrial area playing with something in his hands. Had the police been successful in their attempt to simply drive past the person in order to observe the object which he held, no encounter at all would have transpired absent an observation of overt criminal activity, and the police would have conscientiously performed the purposes for which they patrol the streets. We must assume that any person holding an innocuous object in his hands would have been free to proceed on his way without interference. Defendant, however, upon suddenly noticing the police presence, responded by stepping quickly around the corner.

In *People v De Bour* (40 NY2d 210) the Court of Appeals held that the right of the police to approach an individual to request information exists even absent any concrete indication of criminality. Further, the common-law right of inquiry is triggered by a reasonable suspicion that criminal activity is afoot. Mere inquiry constitutes only a minor inconvenience to an individual (*People v Howard,* 50 NY2d 583). When the police exercise their right of inquiry, said action does not, per se, constitute an actual or constructive constraint (*People v Carrasquillo,* 54 NY2d 248).

In our case, the police had two options at the point defendant turned the corner. They could either have pursued the matter further, or they could have continued on their way and acted as if defendant had never existed. It would be an unwarranted and unrealistic hamstringing of conscientious and thorough police patrolling functions were we to hold that the matter had to be dropped, and defendant's solitary presence at night in a deserted industrial area and his evasive course ignored. Initiative demonstrated by those paid to protect society should not be hindered absent a violation of individual rights.

When the police turned the corner they saw a most unusual and suspicious thing. Defendant had suddenly stopped and placed his back to a wall while his hands were active behind him near the small of his back. Even absent his eight and one-half years of police experience, Officer

Firneno could have concluded that defendant had not suddenly stopped to attend to an awkwardly located and ill-timed itch. It is clear that at this point the police could approach him because of a reasonable suspicion that criminal activity was afoot. The common-law right of inquiry would be of minimal value if the circumstances of this case failed to trigger its use.

When Officer Firneno exited his car, he stood behind its door. His drawn gun was behind the door and was pointed at the ground. The record is devoid of any indication that defendant was even aware of the presence of the gun outside of its holster, or that it caused him any fear, trepidation, or upset. A police officer undertaking a legitimate inquiry must be provided with the freedom of fear for his personal safety (*People v Finlayson,* 76 AD2d 670, cert den 450 US 931). The drawing of a gun does not, per se, elevate an encounter into an arrest (*People v Chestnut,* 51 NY2d 14, cert den 449 US 1018). Based upon the presence of defendant in the otherwise deserted area at night, his evasive course, his furtive hand movement behind his back while standing against the wall, and the fact that defendant never even knew that Officer Firneno had drawn his gun, I perceive no significance in Officer Firneno drawing his gun prior to exercising his common-law right of inquiry. Too many police officers have been injured or killed under similar circumstances, and accordingly, a police officer need not subject himself to unnecessary danger by failing to draw his gun in such situations.

The remainder of this case merits little discussion. Officer Firneno acted logically, both from his basic need for safety and pursuant to his right of inquiry, in asking defendant to bring his hands from behind his back and step away from the wall. At that point the gun fell to the ground, thereby providing probable cause to arrest defendant before any questions were even asked.

Defendant's arguments on appeal are unpersuasive. He argues that the police action was based on whim or caprice. For the reasons stated, I believe that the police activity was appropriate, at each level, in light of the predicate for each action, and that what was present here was conscientious and effective police work. Suppression is aimed at

discouraging improper police conduct, and should not be used as a tool to overprotect individuals from whom society itself should be protected. There is simply no principle of law which protects an individual's right to brazenly proceed down the street while playing with an illegally possessed weapon.

Defendant places great reliance upon the Court of Appeals decision in *People v Carrasquillo* (54 NY2d 248, *supra*). A careful reading of that case demonstrates, however, that it is fully supportive of the police actions here. In *Carrasquillo* the court held that the right of inquiry was triggered when the unkempt suspect, carrying a bag, made a quick turn. Only when the suspect gave a straightforward, co-operative, and plausible response to the inquiry and was brought to the police station did an improper detention occur. The foregoing simply has nothing to do with this case.

Accordingly, the judgment of conviction should be affirmed.

RUBIN and BOYERS, JJ., concur with THOMPSON, J. P.; BRACKEN, J., concurs in the result.

Judgment of the Supreme Court, Kings County, rendered November 7, 1980, affirmed.