■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BADLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered February 29, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The record indicates that the trial court properly balanced the probative value of permitting the defendant to be cross-examined concerning a prior manslaughter conviction against its prejudicial effect *(see, People v Sandoval,* 34 NY2d 371; *People v Schwartzman,* 24 NY2d 241). Accordingly, its ruling will not be disturbed *(see, People v Williams,* 56 NY2d 236; *People v Rahman,* 46 NY2d 882).

Further, the defendant's contention that the identification procedures utilized by the police in the instant case were improper is without merit. Moreover, there was clearly an independent basis for the complainant's in-court identification of the defendant since the complainant had ample opportunity to observe and speak with him before and during the robbery *(see, People v Adams,* 53 NY2d 241; *People v Russo,* 109 AD2d 855).

The trial court properly admitted into evidence the gun allegedly used during the instant robbery which was recovered from the defendant upon his arrest. The weapon was pertinent to an element of the robbery charge *(see,* Penal Law § 160.15 [4]) and was sufficiently probative of the instant crime to be admissible *(see, People v Allweiss,,* 48 NY2d 40; *People v Condon,* 26 NY2d 139; *People v Molineux,* 168 NY 264).

Contrary to the defendant's contention, the prosecutor's summation did not deprive him of a fair trial *(see, e.g., People*

*v Galloway,* 54 NY2d 396; *People v Jones,* 89 AD2d 875). Finally, under the circumstances, the People presented ample evidence to satisfy their burden of proving the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620; *People v Joyiens,* 39 NY2d 197). Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.