■ The People of the State of New York, Respondent, v Daniel Aybar, Appellant.—Judgment of the Supreme Court, New York County (Ira F. Beal, J.), rendered June 23, 1987, after jury trial, convicting defendant of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and sentencing defendant to an indeterminate term of imprisonment of from 15 years to life, unanimously affirmed.

Following an anonymous tip to investigate an apartment in one of the city's single-room-occupancy hotels, police officers heard the footsteps of more than one person running down the corridor and discovered that the door of the room in question was open approximately six inches. Through the open door, the officers observed a .38 caliber Smith and Wesson revolver lying on a bare mattress on the floor. The officers drew their

weapons and pushed the door open fully, whereupon they observed a sawed-off shotgun, a .28 caliber deringer, a .32 caliber revolver, a dish of plastic vials filled with crack and other drug paraphernalia. A search of the apartment uncovered various other items, including defendant's picture identification card.

Later that day, the officers who conducted the search were driving in the area when they observed defendant, whom they recognized from the identification card, standing in a restaurant. Defendant held a brown paper bag in his hand. One of the officers got out of the car, approached defendant and asked him to stop. Defendant immediately began to run, and the officers pursued him into a building adjoining the restaurant. At the rear of the building, the officers observed defendant throw the brown paper bag onto a pile of garbage which was just outside the back door of the building. Defendant was apprehended shortly thereafter, and the bag was retrieved and found to contain more than 5¼ ounces of cocaine in solid form, with an estimated street value of between $14,000 and $16,000. Defendant was convicted of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) arising solely out of has possession of the drugs contained in the brown paper bag discarded in his flight from the police.

On this appeal, defendant raises several issues, none of which warrants reversal. First, defendant claims that he was denied his right to effective assistance of counsel by virtue of his attorney's alleged failure to move to suppress the People's evidence. A review of the record, however, indicates that counsel did make an omnibus motion, including a motion to suppress physical evidence, which was denied. Moreover, defendant's calculated risk in attempting to discard the bag containing the evidence, which he now seeks to suppress, was not a "spontaneous reaction to illegal police activity" (cf., People v Howard, 50 NY2d 583, cert denied 449 US 1023), but instead a willful abandonment precluding his right to suppress such evidence (People v Boodle, 47 NY2d 398; People v Fraumeni, 108 AD2d 756). Accordingly, there being no likelihood of success on the merits, defendant cannot claim ineffective assistance of counsel arising out of assigned counsel's handling of the motion (see, People v Strempack, 71 NY2d 1015).

Defendant's claim that police lacked probable cause to approach him and request him to stop is also without merit. Probable cause is not a necessary predicate to all contact between police and the public (People v Finlayson, 76 AD2d

670, 674; *see also, United States v Mendenhall,* 446 US 544). The test is whether the action of the police was justified at its inception and reasonably related to the circumstances in scope and intensity to justify the encounter *(People v Cantor,* 36 NY2d 106). In this case, the police had reasonable grounds for suspecting that defendant was involved in criminal activity based upon their discovery of his picture identification in an apartment containing firearms, drugs and drug paraphernalia. Defendant does not question the propriety of the initial search of the apartment and subsequent seizure of his photo ID. Based upon such information, the police were justified in their approach and attempt to stop defendant for inquiry *(People v De Bour,* 40 NY2d 210; *People v Gray,* 90 AD2d 405, 407). The scope and intensity of their subsequent pursuit, search and seizure were reasonable in light of the escalating circumstances and, thus, are not susceptible to the constitutional challenge proffered by defendant in this case *(see, People v Cantor, supra; People v Gray, supra).*

Regarding defendant's complaints with respect to various statements made by the prosecuting attorney on summation, including a statement that, if the police had been lying, "they would have done a better job", we note that such objections were not preserved for appellate review. Moreover, the statements made by the prosecuting attorney do not constitute impermissible bolstering of the witnesses' credibility inasmuch as defendant challenged the veracity of the police officers testifying on behalf of the People and, thus, placed the credibility of such witnesses in issue *(see, People v Colonna,* 135 AD2d 724; *People v Draksin,* 145 AD2d 500; *People v Badley,* 122 AD2d 62).

We also find defendant's constitutional challenge to the mandatory sentencing provisions of Penal Law § 70.00 to be without merit. Defendant was convicted of possession of cocaine with an estimated street value of $14,000 to $16,000, and an indeterminate sentence of 15 years to life is not so onerous as to shock the conscience of the court *(People v Broadie,* 37 NY2d 100). Concur—Murphy, P. J., Rosenberger, Asch, Smith and Rubin, JJ.