■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAQUAN MARTIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered March 17, 1988, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant entered the rear door of a laundry establishment before business hours on June 5, 1987, and asked to speak with an employee. The complainant, who was working on his payroll, indicated that this individual was not yet present. The defendant left the premises only to reappear shortly thereafter wielding a wooden stick. After a struggle, the defendant fled with the payroll money and two checks

payable to the laundry. The complainant pursued him, and the defendant was ultimately apprehended in a nearby school-yard after a chase in which a neighboring business owner, his employee, and a customer joined. The neighboring owner removed from the defendant's pocket a roll of money and two checks payable to the complainant's laundry. As a result of this incident, the complainant sustained bruises and lacerations on his forehead, head and left arm.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The circumstances of this case, viewed in totality and as of the time of the defendant's representation, reveal that the defendant received meaningful representation *(see, People v Rivera,* 71 NY2d 705; *People v Satterfield,* 66 NY2d 796, 799; *People v Baldi,* 54 NY2d 137, 147).

No objection was made before the sentencing court regarding any perceived deficiencies in the procedure utilized to adjudicate the defendant a persistent felony offender. The issue has thus not been preserved for appellate review *(see, People v Sullivan,* 153 AD2d 223, 233). We note, moreover, that "the statutory purposes for filing a predicate statement, that is, to apprise the court of the prior convictions and to afford the defendant notice and an opportunity to be heard, were satisfied here" *(People v Jackson,* 151 AD2d 781).

In light of the defendant's extensive criminal history and the indication of his probation officer that prospects for the defendant's rehabilitation were so remote that the maximum term of incarceration was recommended, the sentence imposed was not excessive.

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.