■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN HARRIS, Appellant. [633 NYS2d 377] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered June 22, 1994, convicting him of criminal possession of a weapon in the third degree, upon a jury

verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Police pursuit which restricts an individual's freedom of movement, like a forcible stop, must be based on reasonable suspicion that a crime has been or is about to be committed *(see, People v Martinez,* 80 NY2d 444, 447). In this case, however, the police did not impede the defendant's freedom of movement by pursuing him. The defendant's flight was not in response to any approach or pursuit by the police, but was precipitated solely by the defendant's observation of a passing patrol car.

Upon observing the defendant and a companion flee up a driveway toward the rear of a private residence at 1:45 A.M., the police officers had a founded suspicion that criminality was afoot, justifying their further investigation *(see, People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023; *People v Gray,* 90 AD2d 405). One of the officers unobtrusively approached the area to which the defendant had fled where the officer observed him with a gun in his hand. At that point, the officer had probable cause to arrest the defendant *(see, People v Gray, supra,* at 408).

The police conduct in this case was justified at its inception and reasonably limited in scope at each step in response to the circumstances presented *(see, People v De Bour,* 40 NY2d 210, 221; *People v Gray, supra,* at 408). Since the police action was proper, the recovery of the gun was lawful *(see, People v Leung,* 68 NY2d 734, 736-737). Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur.