■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MENDEZ, Appellant. [697 NYS2d 55] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered January 28, 1998, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The police had reasonable suspicion to stop the car driven by the defendant and remove the defendant and his passenger from the car. The police received an anonymous 911 emergency telephone call describing the exact make and color of the car and stating that the caller saw the defendant with a gun and that the defendant was going to a specific location to shoot someone. In addition, the police corroborated those facts and the defendant was stopped within approximately 150 yards of

the location specified by the anonymous caller (*see, United States v Bold,* 19 F3d 99, *cert denied* 517 US 1250; *People v Restrepo,* 173 AD2d 652; *People v Salaman,* 129 AD2d 746, *affd* 71 NY2d 869). "Reasonable suspicion represents that 'quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand' " (*People v Martinez,* 80 NY2d 444, 448, quoting *People v Cantor,* 36 NY2d 106, 112-113). Moreover, the officers' recovery of the gun in plain view gave them probable cause to arrest the defendant (*see, People v Sledge,* 225 AD2d 711).

The Supreme Court properly denied the defendant's motion to suppress the statements he made to the police. Notwithstanding his claim that he understands and speaks English "a little bit", the record amply supported the court's findings that the defendant, having been in this country for six years, understood English sufficiently to have understood his rights as read to him and to have responded as indicated by the detective.

The defendant's remaining contentions are without merit. Santucci, J. P., Krausman, Florio and Feuerstein, JJ., concur.