■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN HUDSON, Appellant. [745 NYS2d 475] —Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Ruchelsman, J.), rendered July 10, 2000, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress physical evidence. The arresting officers received two radio transmissions from fellow officers reporting that a shooting had taken place, and describing the perpetrators, their vehicle, and their direction of travel. Approximately 10 minutes after receiving the first report, the arresting officers observed the defendant and another man, who matched the description of the perpetrators, exiting a vehicle which also matched the description of the perpetrators' vehicle. Under these circumstances, the arresting officers had reasonable suspicion to forcibly stop and detain the defendant as he exited the vehicle (*see People v Allen,* 73 NY2d 378; *People v Devorce,* 293 AD2d 550; *People v Melvin,* 292 AD2d 544; *People v McFadden,* 244 AD2d 887, *lv denied* 97 NY2d 757; *People v Bedoya,* 190 AD2d 812; *cf. Florida v J.L.,* 529 US 266). Furthermore, probable cause for the defendant's arrest was provided by the officers' plain view observation of a handgun protruding from underneath the front passenger seat of the vehicle (*see People v McKane,* 267 AD2d 253; *People v Mendez,* 264 AD2d 785).

The defendant's argument that the Supreme Court did not comply with the procedural requirements of Penal Law § 70.10 and CPL 400.20 in adjudicating him a persistent felony offender is unpreserved for appellate review (*see People v Banks,* 265 AD2d 163; *People v Proctor,* 176 AD2d 765, *affd* 79 NY2d 992; *People v Martin,* 167 AD2d 428; *People v Sullivan,* 153 AD2d 223), and, in any event, without merit (*see People v Banks, supra; People v Martin, supra; People v Froats,* 163 AD2d 906).

The defendant's remaining contentions are without merit. O'Brien, J.P., Krausman, Schmidt and Cozier, JJ., concur.