■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN HARGROVES, Also Known as STEPHON HARGROVES, Appellant. [815 NYS2d 605]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered June 10, 2002, convicting him of robbery in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his adjudication as a persistent felony offender violated his right to a jury trial pursuant to *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen,* 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]; *People v Hyatt,* 2 AD3d 749 [2003]).

The defendant's argument that the County Court did not comply with the procedural requirements of Penal Law § 70.10 and CPL 400.20 in adjudicating him a persistent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Hudson,* 296 AD2d 510 [2002]; *People v Elliot,* 283 AD2d 183 [2001]; *People v Banks,* 265 AD2d 163 [1999]).

The defendant's contention that the sentence imposed improperly penalized him for exercising his right to a trial is also unpreserved for review, since he did not set forth the issue on the record at the time of sentencing (*see People v Best,* 295 AD2d 441 [2002]). In any event, the contention is without merit.

The record discloses no vindictiveness on the part of the County Court in arriving at the sentence, and the fact that the sentence imposed after trial was greater than that offered during plea negotiations is irrelevant (*see People v Best, supra; People v Robinson,* 287 AD2d 582 [2001]). The sentence imposed was not otherwise excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.