■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LITTLETON, Appellant. [878 NYS2d 540]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered January 2, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). We agree with defendant that his waiver of the right to appeal was invalid. County Court's brief reference to the waiver of the right to appeal during the plea colloquy was insufficient to establish that the waiver was a knowing and voluntary choice (see People v Thousand, 41 AD3d 1272 [2007], lv denied 9 NY3d 927 [2007]; People v Van Every, 1 AD3d 977, 978 [2003], lv denied 1 NY3d 602 [2004]). Although the further contention of defendant that the court erred in refusing to suppress the handgun seized from his truck and the cocaine seized from his house is therefore properly before us (cf. People v Kemp, 94 NY2d 831, 833 [1999]), we nevertheless reject that contention.

With respect to the handgun, the evidence at the suppression hearing established that, while on routine patrol in the area of defendant's house, the police observed defendant remove the handgun from his waistband and place it in his truck. We conclude that the police thus had, at a minimum, reasonable suspicion to believe that defendant unlawfully possessed a weapon and that their "investigative detention [of defendant was not] unreasonable" (People v Hicks, 68 NY2d 234, 241 [1986]; see generally People v Allen, 73 NY2d 378, 379-380 [1989]). They also were justified in looking through the window of the truck (see People v Tillery, 60 AD3d 1203 [2009]; People v Speicher, 244 AD2d 833, 834 [1997]) and, upon observing the

top of a handgun in the door pocket, they properly seized the handgun as contraband or the instrumentality of a crime (*see People v Belton*, 55 NY2d 49, 54-55 [1982], *rearg denied* 56 NY2d 646 [1982]; *People v Delarosa*, 28 AD3d 1186 [2006], *lv denied* 7 NY3d 811 [2006]).

With respect to the cocaine, we reject the contention of defendant that the consent to search his house obtained from a witness was invalid. The People met their burden of establishing that the police reasonably believed that the witness had the requisite authority to consent to the search of defendant's house (*see People v Gonzalez*, 88 NY2d 289, 295 [1996]; *People v Adams*, 53 NY2d 1, 9-10 [1981], *rearg denied* 54 NY2d 832 [1981], *cert denied* 454 US 854 [1981]). The evidence at the suppression hearing established that the witness exited defendant's house when she observed the police outside and that her children were inside the house. In addition, she told the police that she and the children lived with defendant in the house and that she and defendant shared the bedroom in which the cocaine was found. Present—Scudder, P.J., Martoche, Fahey, Peradotto and Green, JJ.