The defendant’s challenge to the legal sufficiency of the evidence supporting the conviction is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Daniel-son, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the *1049 testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant received the effective assistance of counsel (see People v Caban, 5 NY3d 143, 152, 156 [2005]; People v Baldi, 54 NY2d 137 [1981]; People v Toberas, 60 AD3d 791, 793 [2009]).
The defendant’s contention that the sentence imposed penalized him for exercising his right to trial is unpreserved for appellate review (see People v Osorio, 49 AD3d 562, 564 [2008]; People v Hargroves, 27 AD3d 765 [2006]), and, in any event, is without merit (see People v Ramos, 74 AD3d 991, 992 [2010]; People v Hargroves, 27 AD3d at 766). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur.