■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN F. GOELZ, Appellant. [2 NYS3d 364]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered June 18, 2013, convicting him of burglary in the second degree as a sexually motivated felony and stalking in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty should be vacated because the facts to which he allocuted do not actually constitute the crime of burglary in the second degree as a sexually motivated felony is unpreserved for appellate review (*see People v Pryor*, 11 AD3d 565 [2004]). In any event, the facts to which the defendant allocuted constituted that crime (*see* Penal Law §§ 130.91, 140.25; *People v Seeber*, 4 NY3d 780, 781 [2005]; *cf. People v Judware*, 75 AD3d 841, 844-845 [2010]). Skelos, J.P., Sgroi, Maltese and Duffy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HANEY, Appellant. [2 NYS3d 365]—Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Guzman, J.), rendered November 9, 2011, upon remittitur from this Court for resentencing after modification (*see People v Haney*, 85 AD3d 816 [2011]), upon his conviction of manslaughter in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict.

Ordered that the amended judgment is affirmed.

The defendant's contention that the Supreme Court did not comply with the procedural requirements of Penal Law § 70.10 and CPL 400.20 in adjudicating him a persistent felony offender is unpreserved for appellate review (*see People v Proctor*, 79 NY2d 992 [1992]; *People v Tatum*, 39 AD3d 571, 572 [2007]; *People v Hargroves*, 27 AD3d 765 [2006]; *People v Martin*, 167 AD2d 428, 429 [1990]), and we decline to reach the contention in the exercise of our interest of justice jurisdiction.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]). Rivera, J.P., Hall, Austin and Cohen, JJ., concur.