People v Acosta (2019 NY Slip Op 07874)





People v Acosta


2019 NY Slip Op 07874


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-11450
 (Ind. No. 96-00424)

[*1]The People of the State of New York, respondent,
v
Sixto Acosta, also known as Hector Acosta, appellant.


Thomas R. Villecco, Jericho, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Wlliam C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Westchester County (Barry E. Warhit, J.), imposed September 7, 2016, upon his convictions of robbery in the first degree (two counts), robbery in the second degree (three counts), assault in the second degree (two counts), and grand larceny in the fourth degree (three counts), upon a jury verdict.
ORDERED that the resentence is affirmed.
The defendant's contention that the original sentence imposed upon him improperly penalized him for exercising his right to a trial may not be reviewed on this appeal from the resentence only (see CPL 450.30[3]; People v Robinson, 160 AD3d 774, 776). Moreover, any issues as to the original sentence are academic, as that sentence was vacated and the defendant was resentenced on September 7, 2016 (see People v Robinson, 160 AD3d at 776).
The defendant's contention that the resentence improperly penalized him for exercising his right to a trial is unpreserved for appellate review since he did not set forth the issue on the record at the time of resentencing (see People v Hargroves, 27 AD3d 765, 765-766). In any event, the contention is without merit (see People v Durkin, 132 AD2d 668; People v Hargroves, 27 AD3d 765; see also People v Martinez, 289 AD2d 259, 259-260). Moreover, the resentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 88-89).
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court