People v Newsom (2020 NY Slip Op 07920)





People v Newsom


2020 NY Slip Op 07920


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2017-08879
 (Ind. No. 725/16)

[*1]The People of the State of New York, respondent,
v
Joe Newsom, appellant.


Joseph W. Carbonaro, New York, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Helen Blackwood, J.), rendered June 21, 2017, convicting him of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the Supreme Court erred in instructing the jury only with respect to the defense of the justified use of deadly physical force, rather than the justified use of ordinary physical force, with respect to the charges of attempted assault in the first degree and assault in the second degree. This contention is without merit. "[T]he particular justification instruction given to the jury must be consistent with the facts and, where it can be determined as a matter of law that the physical force used by the defendant was in fact, 'deadly,' that is, 'readily capable of causing death or other serious physical injury,' the trial court may limit the justification instruction to authorizing the use of deadly physical force" (People v Mothon, 284 AD2d 568, 569, quoting Penal Law § 10.00[11] [internal quotation marks omitted]). Here, the defendant's use of a kitchen knife with a six-inch metal blade to slash the complainant's kidney area constituted the use of deadly physical force because it was readily capable of causing death or serious physical injury, regardless of the degree of injury he actually intended or inflicted on the complainant (see People v Carey, 159 AD3d 1529, 1530; People v Kerley, 154 AD3d 1074, 1075; People v Steele, 19 AD3d 175, 175-176; People v Mothon, 284 AD2d at 569). Accordingly, the court properly instructed the jury only with respect to the defense of the justified use of deadly physical force (see People v Lugg, 124 AD3d 679, 679-680).
In addition, because "the defense of justification may excuse only the unlawful use of a weapon, not its unlawful possession" (People v White, 75 AD3d 109, 122; see People v Pons, 68 NY2d 264, 267), the Supreme Court properly declined to give a justification charge with respect to the count of criminal possession of a weapon in the third degree (see People v Pons, 68 NY2d at 267; People v Negron, 150 AD3d 764, 765). In any event, there was no reasonable view of the evidence upon which the jury could have found that the defendant's possession of the knife was lawful (see People v Cruz, 13 AD3d 390, 390).
MASTRO, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court