People v Abboud (2021 NY Slip Op 01267)





People v Abboud


2021 NY Slip Op 01267


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-11013
 (Ind. No. 1158/16)

[*1]The People of the State of New York, respondent,
v
Wafa Abboud, appellant.


Mark Diamond, New York, NY, for appellant.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Michelle Maerov of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William O'Brien, J.), rendered September 5, 2019, convicting her of criminal tax fraud in the third degree (two counts), criminal tax fraud in the fourth degree, and offering a false instrument for filing in the first degree (three counts), upon a jury verdict, and imposing sentence. By decision and order on motion dated November 20, 2019, this Court, inter alia, granted the defendant's motion for a stay of execution of the judgment pending hearing and determination of the appeal.
ORDERED that the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings pursuant to CPL 460.50.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that her statement to an investigator for the Justice Center for the Protection of People with Special Needs should have been suppressed because she was not informed of her Miranda rights (see Miranda v Arizona, 384 US 436). However, this contention is unpreserved for appellate review, as the defendant did not raise it either in a suppression motion or at the Huntley hearing (see CPL 470.05[2]; People v Panton, 27 NY3d 1144, 1145; People v Gonzalez, 55 NY2d 887, 888; People v Waters, 159 AD3d 1021, 1021; see also People v Huntley, 15 NY2d 72). In any event, the evidence at the suppression hearing established that the defendant's statement was not obtained by "a public servant engaged in law enforcement activity" in violation of the defendant's constitutional rights (CPL 60.45[2][b][ii]; see People v Woods, 166 AD3d 1298, 1299; People v Cordato, 85 AD3d 1304, 1310; cf. People v Wilhelm, 34 AD3d 40, 46-49).
The defendant argues that the Supreme Court's denial of her request to charge the jury on the treatment of gifts under federal tax law prevented her from defending herself and deprived the jury of relevant evidence. "A court is required to instruct the jury on 'fundamental legal principles applicable to criminal cases in general' and those 'material legal principles applicable to [*2]the particular case'" (People v Watts, 57 NY2d 299, 301, quoting CPL 300.10[2]). "When evidence at trial viewed in the light most favorable to the accused, sufficiently supports a claimed defense, the court should instruct the jury as to the defense, and must when so requested" (People v Watts, 57 NY2d at 301; see People v Fletcher, 166 AD3d 796, 798). "As a corollary, when no reasonable view of the evidence would support a finding of the tendered defense, the court is under no obligation to submit the question to the jury" (People v Watts, 57 NY2d at 301; see People v Fletcher, 166 AD3d at 798). Contrary to the defendant's contention, the court properly denied her charge request because the issue of the taxation of gifts under federal law was not applicable to the instant case (see CPL 300.10[2]). Furthermore, the court was not required to instruct the jury as requested on the basis that the federal tax law materials provided a defense to the instant action since, even viewing the evidence in the light most favorable to the defense, the taxability of gifts under federal law is irrelevant to whether the defendant violated New York law (see People v Watts, 57 NY2d at 301; People v Fletcher, 166 AD3d at 798).
Finally, the defendant contends that the Supreme Court should have dismissed pursuant to CPL 300.40(3)(b) the three counts of offering a false instrument for filing in the first degree as lesser included offenses of criminal tax fraud in the third and fourth degrees. However, the counts of offering a false instrument for filing are not lesser included offenses of the criminal tax fraud charges because it is possible to commit criminal tax fraud in the third and fourth degrees without concomitantly committing, by the same conduct, offering a false instrument for filing in the first degree (see People v Repanti, 24 NY3d 706, 710; People v Davis, 14 NY3d 20, 22). Moreover, offering a false instrument for filing in the first degree cannot be a lesser included offense of criminal tax fraud in the fourth degree since both offenses are class E felonies (see CPL 1.20[37]).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court