People v Nelson (2021 NY Slip Op 05988)





People v Nelson


2021 NY Slip Op 05988


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2018-05337
 (Ind. No. 7510/16)

[*1]The People of the State of New York, respondent,
v
Roderick Nelson, appellant.


Janet E. Sabel, New York, NY (Ronald Alfano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Andrew S. Ayala of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), rendered January 11, 2018, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cassandra Mullen, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant contends that the Supreme Court should have granted that branch of his omnibus motion which was to suppress physical evidence. The defendant asserts that he was forcibly stopped and detained by law enforcement officers who lacked reasonable suspicion to believe that he was engaged in any criminal activity. He contends that since the police lacked reasonable suspicion to forcibly detain him, the handgun that was subsequently recovered from his pocket should have been suppressed.
"In evaluating the police action we must consider whether or not it was justified in its inception and whether or not it was reasonably related in scope to the circumstances which rendered its initiation permissible" (People v De Bour, 40 NY2d 210, 222; see People v Cantor, 36 NY2d 106, 111). "Where a police officer entertains a reasonable suspicion that a particular person has committed, is committing or is about to commit a felony or misdemeanor, the [Criminal Procedure Law] authorizes a forcible stop and detention of that person" (People v De Bour, 40 NY2d at 223; see CPL 140.50[1]). "A corollary of the statutory right to temporarily detain for questioning is the authority to frisk if the officer reasonably suspects . . . [a] danger of physical injury by virtue of the detainee being armed" (People v De Bour, 40 NY2d at 223; see CPL 140.50[3]). "Finally a police officer may arrest and take into custody a person when [the officer] has probable cause to believe that person has committed a crime, or offense in [the officer's] presence" (People v De Bour, 40 NY2d at 223; see CPL 140.10).
"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance" (People v Hernandez, 40 [*2]AD3d 777, 778; see People v Berrios, 28 NY2d 361, 367-368; People v Moses, 32 AD3d 866, 868). "Implicit in this concept is that the testimony offered by the People in first presenting their case must be credible" (People v Quinones, 61 AD2d 765, 766; see People v Evans, 94 NY2d 499, 505; People v Berrios, 28 NY2d at 367-368; People v Harris, 192 AD3d 151, 158; People v Fletcher, 130 AD3d 1063, 1064). "[If] the People establish the legality of the police conduct by credible evidence, the defendant bears the burden of establishing that the arrest was not based on probable cause or that the police conduct was otherwise illegal" (People v Fletcher, 130 AD3d at 1064; see People v Spann, 82 AD3d 1013, 1014; People v Thomas, 291 AD2d 462, 463; cf. Matter of Robert D., 69 AD3d 714).
Here, the arresting officer testified at the suppression hearing that he was driving an unmarked police vehicle, and that three other plain-clothed officers were riding in the vehicle. The arresting officer testified that as he drove down a certain street, he observed the defendant walking with a handgun in his hand. The arresting officer testified that he then observed the defendant put the handgun in the right pocket of his pants. The arresting officer testified that he advised the other three police officers that the defendant had a gun after he observed the defendant put the handgun in his pocket. The arresting officer testified that when he and the other officers approached the defendant and attempted to stop him, the defendant tried to evade them by running past one of the officers. As the People correctly contend, the arresting officer's testimony was sufficient to establish, at a minimum, that the police officers had reasonable suspicion to believe that the defendant unlawfully possessed a weapon (see People v Francisco, 171 AD3d 536, 537; People v Littleton, 62 AD3d 1267, 1268; see also People v Hudson, 296 AD2d 510, 511; People v Mendez, 264 AD2d 785, 786; People v Harris, 221 AD2d 366, 367; People v Smith, 187 AD2d 371, 371). Accordingly, if credited, the arresting officer's testimony was sufficient to establish that the law enforcement officers were justified in forcibly stopping and detaining the defendant.
The defendant contends that the arresting officer's testimony should not be credited. "A hearing court's determination as to witness credibility is accorded great weight on appeal, as it saw and heard the witnesses" (People v Fletcher, 130 AD3d at 1064). "In reviewing a hearing court's factual determinations based largely upon an assessment of credibility, the determination of the trier of fact is ordinarily accorded great weight" (Matter of Robert D., 69 AD3d at 716-717; see People v Watson, 163 AD3d 855, 856-857; People v Lopez, 95 AD2d 241, 252). Here, the Supreme Court's decision to credit the testimony of the arresting officer was supported by the record, and there is no basis to disturb it (see People v Burbridge, 194 AD3d 831, 833; People v Bookman, 131 AD3d 1258, 1260; People v Kelly, 131 AD3d 484, 485). The defendant's reliance on certain scientific principles in support of his credibility arguments is improper, as those arguments are raised for the first time on appeal (see CPL 470.05[2]; People v Abboud, 192 AD3d 698, 699), and they rely on evidence that is both dehors the record (see People v Smith, 158 AD3d 654, 655-656; People v Cosby, 154 AD3d 789, 790; People v Fitzpatrick, 120 AD3d 565, 565), and, without more, inadmissible (see Spensieri v Lasky, 94 NY2d 231, 236-238; Saccone v Gross, 84 AD3d 1208, 1209; see generally Jerome Prince, Richardson on Evidence § 7-313 [Farrell 11th ed 1995, 2008 Supp]).
We conclude that the police conduct in this case was justified at its inception and reasonably limited in scope at each step in response to the circumstances presented (see People v Lawrence, 17 AD3d 697, 698; People v Harris, 221 AD2d at 367). Accordingly, the defendant's contention that the Supreme Court should have granted that branch of his omnibus motion which was to suppress physical evidence is without merit, and we affirm the judgment.
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court