People v Moore (2022 NY Slip Op 04743)

People v Moore

2022 NY Slip Op 04743

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-12266
 (Ind. No. 1858/18)

[*1]The People of the State of New York, respondent,
v
Darnell Moore, appellant.

Judah Maltz, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Monica M.C. Leiter and Libbi L. Vilher of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Angelo A. Delligatti, J.), rendered October 7, 2019, convicting him of criminal possession of a firearm and criminal possession of a controlled substance in the fifth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of physical evidence and the defendant's statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The appellant's contention that the Supreme Court erred in denying suppression of physical evidence and his statements to law enforcement officials is without merit. The arresting officer testified at a suppression hearing that he stopped the vehicle in which the defendant was a passenger after he observed the defendant standing outside of that vehicle with a gun protruding from his waistband immediately before entering the passenger side of that vehicle and the vehicle driving away. The arresting officer also testified that, after the defendant exited the vehicle, the officer asked the defendant if he had anything that could hurt the officer, to which the defendant answered that he had a gun. The arresting officer recovered the gun from the defendant's waistband and then arrested the defendant, at which time a search of the defendant revealed what appeared to be crack cocaine in the pocket of his pants. Accordingly, at a minimum, the arresting officer had a reasonable suspicion to believe that the defendant unlawfully possessed a weapon and was therefore justified in stopping the vehicle in which the defendant was traveling (see People v DeBour, 40 NY2d 210; People v Nelson, 199 AD3d 708; People v Littleton, 62 AD3d 1267), which reasonable suspicion escalated to probable cause to arrest thereafter (see People v Singletary, 176 AD3d 1237; People v Baez, 175 AD3d 553). The court's decision to credit the testimony of the arresting officer was supported by the record, and there is no basis to disturb that determination (see People v Diaz, 146 AD3d 803).
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court