People v Street (2023 NY Slip Op 00112)

People v Street

2023 NY Slip Op 00112

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2018-13554
 (Ind. No. 206/17)

[*1]The People of the State of New York, respondent,
v
Ronnie Street, appellant.

Alan McGeorge, Nanuet, NY, for appellant, and appellant pro se.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered July 17, 2018, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the People failed to establish that the police had reasonable suspicion to pursue and detain him (see People v Martinez, 80 NY2d 444, 447), is without merit. At the suppression hearing, a police officer testified that he observed the defendant in a municipal parking lot with what appeared to be the pistol grip of a handgun at the small of his back in his waistband. Accordingly, the officer had reasonable suspicion to believe that the defendant unlawfully possessed a weapon, and, therefore, the police were justified in pursuing the defendant upon his flight and detaining him (see People v Moore, 207 AD3d 755, 756; People v Nelson, 199 AD3d 708, 709-710; People v Francisco, 171 AD3d 536, 537; People v Littleton, 62 AD3d 1267, 1268).
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel at trial is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective [*2]assistance" (People v Maxwell, 89 AD3d 1108, 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Rizzo, 195 AD3d 1045, 1047; People v Freeman, 93 AD3d 805, 806).
The defendant's contention, raised in his pro se supplemental brief, that the attorney he retained to file a postverdict motion pursuant to CPL 330.30 rendered ineffective assistance because the motion was found to be procedurally defective is without merit. Although the County Court found the motion to be procedurally defective, warranting summary denial of the motion, the court went on to consider and reject the merits of the motion. Accordingly, the defendant was not deprived of the effective assistance of counsel with respect to the postverdict motion (see People v Stultz, 2 NY3d 277, 287; People v Whelan, 173 AD3d 778, 781).
Contrary to the defendant's contention, raised in his pro se supplemental brief, the County Court properly denied, in effect, his request for an adjournment to retain private counsel, as it was made at the start of trial and he had had a reasonable opportunity to retain counsel of his own choosing before requesting an adjournment for that purpose (see People v Arroyave, 49 NY2d 264, 271-272; People v McGhee, 205 AD3d 930, 931).
The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court