People v Brown (2020 NY Slip Op 01358)





People v Brown


2020 NY Slip Op 01358


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-03353
 (Ind. No. 6728/14)

[*1]The People of the State of New York, respondent,
v
Stafford Brown, appellant.


Paul Skip Laisure, New York, NY (Hannah Zhao of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alexander Jeong, J.), rendered March 7, 2017, convicting him of burglary in the first degree, robbery in the second degree (two counts), and assault in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and the defendant's statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted of burglary in the first degree, robbery in the second degree (two counts), and assault in the third degree (two counts) in connection with his participation in a home invasion of an apartment and physical assaults on two occupants of the apartment, a brother and sister, on August 16, 2014.
The defendant contends that the Supreme Court should have granted those branches of his omnibus motion which were to suppress identification testimony and statements that he made to law enforcement officials because the police lacked probable cause to arrest him in the first instance for an unrelated burglary, and lacked an independent basis to arrest him for the underlying crimes. The defendant's contention is unpreserved for appellate review to the extent it is premised upon the latter contention (see CPL 470.05[2]). In any event, the record demonstrates that the police had independent probable cause apart from the unrelated burglary to arrest the defendant for the underlying offense. At the time the defendant was arrested, the police had already interviewed the complainants, who described the home invasion and the defendant's participation therein. The complainants also showed the police a photo of the defendant, which one of the complainants obtained from the defendant's Facebook page, and informed the police that he was one of the perpetrators (see People v Baily, 216 AD2d 1; People v Chappell, 201 AD2d 492). Moreover, the defendant's statements to the police were made after the defendant was read his Miranda warnings (see Miranda v Arizona, 384 US 436) and was shown his own self-incriminating Facebook post. He then agreed to speak to the police and give a statement confessing to the crimes (see People v Alexander, 63 AD3d 1166; People v Rich, 206 AD2d 443).
The defendant further contends that the Supreme Court should have granted that branch of his omnibus motion which was to suppress identification testimony with respect to a lineup because the lineup was unduly suggestive. The lineup photos show that, although the defendant had certain cuts in his eyebrows and there was a disparity between the defendant's age and the age of some of the fillers, the defendant and the fillers were sufficiently similar in appearance such that the lineup was not unduly suggestive (see People v Clarke, 55 AD3d 1447, 1449). Further, the complainants' hearing testimony regarding their familiarity with the defendant from seeing him numerous times in their neighborhood prior to the subject crimes established that they were sufficiently familiar with the defendant that their identification at the lineup was merely confirmatory (see People v Rodriguez, 79 NY2d 445; People v Avent, 29 AD3d 601; People v Bennett, 292 AD2d 626).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. The record reveals that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The defendant's remaining contention is partially unpreserved for appellate review and, in any event, without merit.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court