People v Robinson (2021 NY Slip Op 04034)





People v Robinson


2021 NY Slip Op 04034


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-04950
 (Ind. No. 8674/17)

[*1]The People of the State of New York, respondent,
v
John Robinson, appellant.


Janet E. Sabel, New York, NY (Paul Wiener of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Nicole Leibow of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered April 11, 2019, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of a fair trial by remarks made by the prosecutor during his opening statement and closing argument is unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912). In any event, the defendant's contention is without merit. The defendant was not deprived of a fair trial by the challenged remarks made during the prosecutor's opening statement, as they "accurately described what the People intended to prove and prepared the jury to resolve the factual issues of the trial" (People v Etoria, 266 AD2d 559, 559; see People v Warden, 166 AD3d 817, 819). The defendant was not deprived of a fair trial by the challenged remarks made during the prosecutor's closing argument, as those remarks generally were fair comment on the evidence and reasonable inferences to be drawn therefrom (see People v Warden, 166 AD3d at 819; People v King, 144 AD3d 1176, 1177). To the extent that any of the challenged remarks were improper, they were not so egregious as to have deprived the defendant of a fair trial (see People v Jearel, 175 AD3d 565, 566). Moreover, any other error with respect to the prosecutor's summation was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that such error might have contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 240-241; People v Jearel, 175 AD3d at 566).
The defendant's argument that certain questions posed by the prosecutor to two of the People's witnesses were improper is unpreserved for appellate review because defense counsel "either failed to object, or upon having his objection sustained, failed to seek further relief" (People v Wright, 62 AD3d 916, 917; see CPL 470.05[2]). In any event, to the extent the questions were improper, the prosecutor's misconduct was not "so flagrant or pervasive as to deny the defendant a fair trial" (People v Almonte, 23 AD3d 392, 394).
Contrary to the defendant's contention, defense counsel's failure to object to the [*2]majority of the challenged questions and remarks during the People's opening statement and closing argument did not constitute ineffective assistance of counsel (see People v Alphonso, 144 AD3d 1168, 1169). "[T]here can be no deprivation of effective assistance of counsel arising from the failure to make a motion or argument that had little or no chance of success" (People v King, 144 AD3d at 1177). Here, the record shows that defense counsel provided meaningful representation to the defendant.
To the extent the defendant claims that the Supreme Court, by the sentence it imposed, penalized him for refusing to accept a plea offer and exercising his right to a trial, this contention is unpreserved for appellate review as he failed to assert it at the sentencing hearing (see People v Katzman, 161 AD3d 770, 772; People v Perdomo, 154 AD3d 886, 887). In any event, the record reveals no retaliation or vindictiveness against the defendant for electing to proceed to trial (see People v Katzman, 161 AD3d at 772; People v Perdomo, 154 AD3d at 887).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LASALLE, P.J., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court