People v Richardson (2021 NY Slip Op 07287)





People v Richardson


2021 NY Slip Op 07287


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2018-09845
 (Ind. No. 6675/16)

[*1]The People of the State of New York, respondent,
v
Fred Richardson, appellant.


Lawrence E. Wright, Brooklyn, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Camille O'Hara Gillespie, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Suzanne M. Mondo, J.), rendered June 28, 2018, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (John Hecht, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, attempted murder in the second degree in connection with the shooting of the complainant, which occurred at a barbecue on July 2, 2016. During a New York City Police Department (hereinafter NYPD) investigation of the shooting, a detective received two anonymous tips stating, among other things, that a man named "Kilo" or "Lo" Richardson had shot the complainant, and providing his address. The detective identified the defendant as a suspect after an NYPD computer database linked the address provided to the detective to the defendant, and listed the defendant's aliases as "Lo" or "Kilo." The detective then created a photo array with photographs of the defendant and five other men. The detective showed the photo array to the complainant, and the complainant identified the defendant as the man who shot him. After the police arrested the defendant, the detective returned to the hospital and showed the complainant a single, recent photograph of the defendant, and the complainant confirmed that the photograph depicted the man who had shot him.
Prior to trial, the defendant moved, inter alia, to suppress identification testimony, and the Supreme Court held a Wade hearing (United States v Wade, 388 US 218). After the hearing, the court denied that branch of the defendant's motion, determining, inter alia, that the photo array was not unduly suggestive and that the complainant was impervious to suggestion due to his familiarity with the defendant. A jury subsequently found the defendant guilty of attempted murder in the second degree. The defendant appeals.
"'When a crime has been committed by a . . . long-time acquaintance of a witness there is little or no risk that comments by the police, however suggestive, will lead the witness to identify the wrong person'" (People v Carmona, 185 AD3d 600, 603, mod 37 NY3d 1016, quoting [*2]People v Rodriguez, 79 NY2d 445, 450). Thus, when "the protagonists are known to one another, suggestiveness is not a concern" and a hearing regarding suggestiveness is not required (People v Rodriguez, 79 NY2d at 449 [internal quotation marks and emphasis omitted]; see People v Dixon, 85 NY2d 218, 224; People v Carmona, 185 AD3d at 603). Here, the detective's testimony at the suppression hearing and the complainant's testimony at trial demonstrated that the complainant knew the defendant for approximately three years through mutual friends, the complainant knew the defendant by his alias "Kilo," and the defendant admitted to knowing the complainant. The Supreme Court therefore properly determined that the complainant was impervious to suggestion due to his familiarity with the defendant (see People v Carmona, 185 AD3d at 602; People v Locenitt, 157 AD3d 905, 907; People v Jackson, 151 AD3d 746, 746).
The Supreme Court also properly determined that the photo array was not unduly suggestive, as the participants in the photo array were sufficiently similar in appearance to the defendant such that there was little likelihood that he would be singled out for identification (see People v Bell, 188 AD3d 904, 905; People v Sosa-Marquez, 177 AD3d 1003, 1004; People v Blount, 176 AD3d 1092, 1093). Further, the complainant's subsequent identification of the defendant from a single photograph was merely confirmatory (see People v Benn, 177 AD3d 759, 761; People v Belton, 143 AD3d 835, 836; People v Benjamin, 2 AD3d 740, 741).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the shooter beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial by remarks made by the prosecutor during his closing argument is unpreserved for appellate review because defense counsel "either failed to object, or upon having his objection sustained, failed to seek further relief" (People v Robinson, 195 AD3d 950, 951 [internal quotation marks omitted]; see CPL 470.05[2]; People v Munnerlyn, 193 AD3d 981, 982). In any event, the prosecutor's comments that were not objected to were not improper, as they were either within the bounds of permissible comment, a fair response to the defendant's attack on the credibility of the People's witnesses, or a fair comment on the evidence (see People v Robinson, 195 AD3d at 951; People v Williams, 123 AD3d 1152, 1153, affd 29 NY3d 84).
The defendant's contention that the Supreme Court's adverse inference charge was an insufficient sanction for the loss of surveillance footage depicting the shooting is unpreserved for appellate review because the defendant requested the adverse inference charge (see CPL 470.05[2]; People v Santiago, 168 AD3d 989, 989). In any event, the sanction was appropriate (see People v Handy, 20 NY3d 663, 669; People v Salton, 101 AD3d 760, 761).
The defendant's remaining contentions are without merit.
RIVERA, J.P., BRATHWAITE NELSON, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court