People v Fields (2023 NY Slip Op 00106)

People v Fields

2023 NY Slip Op 00106

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-11425
 (Ind. No. 893/17)

[*1]The People of the State of New York, respondent,
v
Jamil Fields, appellant.

John De Chiaro, Larchmont, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Brian R. Pouliot of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered September 3, 2019, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statement made in the presence of a law enforcement official.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, attempted murder in the second degree in connection with a shooting which occurred on Interstate 95 in Mamaroneck on July 18, 2017. The complainant, who was shot multiple times at close range inside a U-Haul van that the defendant was driving, was transported to the hospital in critical condition. During an investigation, which included a photo array identification procedure and a request for information from the defendant's cell phone carrier on the ground of exigent circumstances, state police investigators identified the defendant as a suspect and arrested him on July 22, 2017. While awaiting arraignment, the defendant was placed in a holding room at the Harrison Police Department, while a police investigator remained approximately five feet outside of the open door in full view of the defendant, including while the defendant met with his assigned counsel. Notwithstanding the known presence of the investigator outside of the door, the defendant spontaneously made a certain statement in a loud voice to his counsel, which the investigator overheard.
Prior to trial, the defendant moved to suppress identification testimony and his statement made in the presence of the law enforcement official. After a combined Wade/Rodriguez hearing (see United States v Wade, 388 US 218; People v Rodriguez, 79 NY2d 445), the County Court denied that branch of the defendant's motion which was to suppress identification testimony, determining, inter alia, that the photo array was merely confirmatory due to the complainant's prior familiarity with the defendant. In addition, the court denied that branch of the motion which was to suppress the defendant's statement made in the presence of the law enforcement official and allowed the People to introduce testimony about the overheard statement. A jury subsequently found the defendant guilty of attempted murder in the second degree, assault in the first degree, and criminal [*2]possession of a weapon in the second degree. The defendant appeals.
The County Court "properly determined that the complainant was impervious to suggestion due to his familiarity with the defendant" (People v Richardson, 200 AD3d 984, 985; see People v Coleman, 73 AD3d 1200, 1202), and, therefore, properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony.
The County Court also properly denied that branch of the defendant's omnibus motion which was to suppress the defendant's statement made in the presence of the law enforcement official. To the extent that the defendant contends that he was deprived of his right to counsel, "the lack of an adequate record bars review on direct appeal" (People v McLean, 15 NY3d 117, 121). In any event, "statements made by a defendant who has invoked the right to counsel may nevertheless be admissible at trial if they were made spontaneously" (People v Harris, 57 NY2d 335, 342; see People v Cascio, 79 AD3d 1809, 1811). Here, the statement at issue was not uttered to, but within the hearing of, a police investigator, and was made spontaneously, i.e., not induced, provoked or encouraged by any action of the investigator (see People v Harris, 57 NY2d at 343). Moreover, contrary to the defendant's contention, his statement was not protected by the attorney-client privilege. "Generally, communications made between a defendant and counsel in the known presence of a third party are not privileged" (People v Osario, 75 NY2d 80, 84; see People v Cooper, 307 NY 253, 259 n 3). Here, the defendant not only made his statement in the known presence of the investigator, but made it in such a way that indicated that he was not interested in keeping private what he said to his counsel (see People v Harris, 57 NY2d at 343).
Contrary to the defendant's contention, the County Court providently exercised its discretion in permitting the testimony of a ballistics expert at trial although no handgun or ballistics evidence was recovered. The admissibility of expert testimony is generally addressed to the discretion of the trial court (see People v Williams, 20 NY3d 579, 584; People v Lee, 96 NY2d 157, 162). "The guiding principle is that expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (De Long v County of Erie, 60 NY2d 296, 307; see People v Diaz, 20 NY3d 569, 575). Here, the ballistics expert, inter alia, explained the mechanics and operation of weapons, including shell casing ejection and the concrete steps required to fire multiple shots, which the defendant does not contend is within the ken of the average juror.
The defendant's contention that the evidence was legally insufficient to establish his guilt of the crimes of which he was convicted is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the County Court erred in allowing the People to introduce information recovered from the defendant's cell phone carrier pursuant to a request on the ground of exigent circumstances is unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court