People v Braxton (2023 NY Slip Op 00434)

People v Braxton

2023 NY Slip Op 00434

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2016-06741
 (Ind. No. 3866/13)

[*1]The People of the State of New York, respondent,
v
Benjamin Braxton, appellant.

Benjamin Braxton, Fallsburg, NY, appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Marie John-Drigo of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Harrington, J.), rendered May 12, 2016, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification evidence, and his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
In 2013, the defendant was convicted, after a jury trial, of murder in the second degree arising out of the stabbing death of his romantic partner. The defendant, pro se, appeals from the judgment of conviction and contends, inter alia, that the physical evidence, identification evidence, and a postarrest statement he made to a detective should be suppressed.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the box cutter recovered from his back pocket shortly before his arrest (see People v Rampersad, 158 AD3d 727, 728; People v Graves, 142 AD3d 559, 560).
The defendant failed to preserve his challenge to the photo array and lineup identification evidence (see People v Diendere, 167 AD3d 413, 413), and, in any event, it is without merit (see People v Brown, 180 AD3d 1063, 1064).
The Supreme Court also properly denied that branch of the defendant's omnibus motion which was to suppress a statement he made to a detective as the detective was transporting the defendant to the precinct police station. The defendant made the statement spontaneously in response to comments the detective made to two other detectives that were not "reasonably likely to elicit from the defendant an incriminating response" (People v Stephans, 168 AD3d 990, 995; see People v Humphrey, 176 AD3d 1101, 1102).
To the extent the defendant contends that the Supreme Court should have granted any of these branches of his omnibus motion on the additional ground that his arrest was unlawful, the [*2]contention is without merit. The evidence adduced at the suppression hearing established that the police had probable cause to arrest the defendant for criminal possession of a weapon in the fourth degree, among other things (see Penal Law § 265.01[2]; People v McCain, 30 NY3d 1121, 1123; People v Braithwaite, 126 AD3d 993, 994).
The defendant's remaining contention is without merit.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court