People v Jenkins (2024 NY Slip Op 03186)

People v Jenkins

2024 NY Slip Op 03186

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-00549
 (Ind. No. 233/20)

[*1]The People of the State of New York, respondent,
v
Michael Jenkins, appellant.

Steven N. Feinman, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Brian R. Pouliot and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Robert A. Neary, J.), rendered November 18, 2021, convicting him of murder in the second degree, manslaughter in the first degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of, among other crimes, murder in the second degree and two counts of robbery in the first degree relating to the robbery and shooting death of the decedent on the evening of May 8, 2020, while the defendant was buying Percocet pills from the decedent. At trial, the defendant raised the defense of justification (see Penal Law § 35.15). He asserted that the firearm he used to kill the decedent belonged to the decedent, who brought it for the purpose of robbing the defendant.
The defendant contends that the Supreme Court erred in permitting the People, in an attempt to disprove his justification defense, to elicit testimony from a senior firearms examiner with the Westchester County Department of Public Safety that the firearm that the defendant used to kill the decedent shared certain similar characteristics with a firearm that the defendant had displayed in a video posted on Snapchat in April 2020. However, defense counsel only objected to the admission of the Snapchat video and did not specifically raise the contention now being advanced. Therefore, that contention is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492). In any event, the court properly permitted the challenged testimony because the unique characteristics of a .38 caliber revolver presented an issue that called for professional or technical knowledge and was beyond the ken of the typical juror (see De Long v County of Erie, 60 NY2d 296, 307; People v Fields, 212 AD3d 648, 650).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the [*2]testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court