People v Conry (2024 NY Slip Op 04211)

People v Conry

2024 NY Slip Op 04211

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2019-03978
 (Ind. No. 10127/17)

[*1]The People of the State of New York, respondent,
v
Malik Conry, appellant.

Patricia Pazner, New York, NY (Ryan Miller and Russ Altman-Merino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Riviezzo, J.), rendered March 22, 2019, convicting him of attempted assault in the first degree, robbery in the first degree, burglary in the first degree (two counts), criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the identification evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The discrepancies and inconsistencies between the identification testimony of the complainant and the statements of the complainant to a 911 operator were properly before the jury for consideration (see People v Benn, 177 AD3d 759, 762; People v Reid, 82 AD3d 1268, 1268). We see no reason to disturb the jury's resolution of such discrepancies (see People v Benn, 177 AD3d at 762).
Contrary to the defendant's contention, the Supreme Court properly denied, after a hearing, that branch of his omnibus motion which was to suppress the evidence of pretrial identification and in-court identification of the defendant by certain eyewitnesses on the ground that the pretrial identification procedure was unduly suggestive (see People v Richardson, 200 AD3d 984, [*2]984-985). Where, as here, the eyewitnesses were sufficiently familiar with the defendant prior to the shooting incident, such that they were impervious to suggestiveness, their pretrial identification of the defendant as the shooter was merely confirmatory (see People v Rodriguez, 79 NY2d 445, 451; People v Brown, 180 AD3d 1063, 1064).
The Supreme Court providently exercised its discretion in precluding the defendant, in summation, from making an argument regarding a DNA report that was misleading and not a fair inference from the evidence (see People v Smith, 16 NY3d 786, 787-788; People v Kennedy, 177 AD3d 628, 630; People v Alicea, 159 AD3d 532, 533).
The defendant's further contention that his conviction of criminal use of a firearm in the second degree (Penal Law § 265.09[1][b]) should be dismissed pursuant to People v Brown (67 NY2d 555) is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction (see CPL 470.15[3][c]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court