People v Franklin (2026 NY Slip Op 01221)

People v Franklin

2026 NY Slip Op 01221

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
SUSAN QUIRK, JJ.

2018-14641
 (Ind. No. 2670/17)

[*1]The People of the State of New York, respondent,
vEdward Franklin, appellant.

Justin C. Bonus, Forest Hills, NY, for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Jeffrey Eng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered October 24, 2018, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain identification testimony.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, three counts of robbery in the first degree in connection with separate incidents in which two complainants were robbed at gunpoint while making food deliveries. Both of the complainants identified the defendant as the perpetrator prior to trial.
The Supreme Court properly denied, after a hearing, those branches of the defendant's omnibus motion which were to suppress the evidence of the complainants' respective pretrial identifications of the defendant in photographs on the ground that those pretrial identification procedures were unduly suggestive (see People v Rodriguez, 79 NY2d 445, 451). Contrary to the defendant's contention, the first complainant was sufficiently familiar with the defendant prior to the robberies such that the complainant was impervious to suggestiveness, and the complainant's pretrial identification of the defendant from two photographs was merely confirmatory (see People v Conry, 230 AD3d 596, 597; People v Fields, 212 AD3d 648, 649). With regard to the second complainant, the photographic array from which this complainant identified the defendant was not unduly suggestive, as the physical characteristics of the individuals depicted were sufficiently similar and "the composition of the defendant's photograph was not so dissimilar to the other photographs as to 'create a substantial likelihood that the defendant would be singled out for identification'" (People v Blount, 176 AD3d 1092, 1093 [internal quotation marks omitted], quoting People v Johnson, 165 AD3d 1168, 1170; see People v Thomas, 164 AD3d 619, 621).
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we [*2]find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d at 349).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., BRATHWAITE NELSON, DOWLING and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court