■ EVELYN KANTOR, Appellant, v ROBERT E. KAYE, Respondent.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about May 6, 1985, insofar as it denied plaintiff's motion for a protective order, unanimously reversed to the extent appealed from, on the law, on the facts and in the exercise of discretion, with costs and disbursements, and the motion granted, in its entirety.

Plaintiff has commenced this action in medical malpractice to recover for personal injuries sustained during the course of a vaginal myomectomy which she underwent at New York Hospital. Defendant is alleged to have mistaken plaintiff's uterus for a myoma and surgically "morselated" it, causing uncontrollable hemorrhaging during the surgical procedure. Plaintiff further alleged that defendant then performed an exploratory laparotomy and discovered his mistake. As a result, plaintiff alleges, defendant was forced to perform an abdominal hysterectomy and bilateral salpingo-oophorectomy. Defendant served an answer with, *inter alia,* four separate notices or demands: demand for hospital and physicians' records authorizations; notice for discovery and inspection of writings; notice to produce names/addresses of witnesses; and notice to produce income tax returns. After furnishing defendant with a duly executed and acknowledged authorization for the New York Hospital records with respect to the admission at issue, plaintiff timely moved for a protective order vacating the notices and demands on the grounds of prematurity, inappropriateness and overbreadth. Special Term granted the motion with respect to the notice to produce income tax returns and denied it with respect to the three other demands. Plaintiff appeals, arguing that the motion should have been granted in toto. We agree and vacate the demand and notices.

The demand for hospital and physicians' records authorizations asked for production of "any and all hospital records * * * concerning the injuries referred to in the complaint, or otherwise." Since defendant's demand for a New York Hospital authorization was made by separate request, this demand, especially in light of the use of the words "or otherwise", can only be read as demanding authorizations for "any and all hospital records." The use of the descriptions, "any", "all" or "any and all" renders the notice for discovery and inspection improper. *(Ganin v Janow,* 86 AD2d 857, 858.) In item No. 2 of the same demand plaintiff is asked for a "[l]ist of the names of

all treating physicians." This request is not limited to the physicians who treated plaintiff for the injuries complained of or to any identifiable period of time. Where, as here, the alleged malpractice consists of a single isolated incident there is no justification for a blunderbuss demand. Item No. 3 requested copies of the medical reports of those treating physicians who will testify in her behalf. This is clearly not a demand for authorizations but, rather, a notice for discovery and inspection and, as such, it lacks the specificity required by CPLR 3120. The hospitals and physicians are not identified. There is no limitation as to time or relevancy. The notice seeks production of prescriptions, correspondence and statements. Defendant has never ascertained by interrogatories, deposition or any other means that these items exist or that plaintiff is in possession of them. Without having first done so the notice is premature. *(See, Rios v Donovan, 21 AD2d 409.)* As for the notice to produce names/addresses of all witnesses to the alleged malpractice, any request that plaintiff, who was anesthetized at the time, advise defendant of the names and addresses of the persons who assisted or participated in the operation is, on its face, ludicrous.

This disposition is, of course, without prejudice to the service of proper notices and demands. Concur—Murphy, P. J., Sullivan, Bloom, Kassal and Ellerin, JJ.