People v Swanton (2023 NY Slip Op 02433)

People v Swanton

2023 NY Slip Op 02433

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CURRAN, OGDEN, AND GREENWOOD, JJ.

344 KA 22-01032

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEPHEN E. SWANTON, DEFENDANT-APPELLANT. 

LAW OFFICE OF FRANK POLICELLI, UTICA (FRANK POLICELLI OF COUNSEL), FOR DEFENDANT-APPELLANT.

 Appeal from a judgment of the Herkimer County Court (John H. Crandall, J.), rendered December 2, 2021. The judgment convicted defendant upon a jury verdict of murder in the second degree, assault in the first degree, and criminal use of a firearm in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts 1 and 3 through 5 of the indictment.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law
§ 125.25 [1]), assault in the first degree (§ 120.10 [4]), and two counts of criminal use of a firearm in the first degree (§ 265.09 [1] [a], [b]). Defendant was acquitted of the remaining count of the indictment. We agree with defendant that County Court erred in refusing to charge the jury on the defense of justification pursuant to Penal Law § 35.15 (2) (a).
The evidence at trial established that defendant, who had been a friend and neighbor to the two victims, attended a party at the first victim's residence on the day of the shooting, at which the second victim was also in attendance. After defendant insulted one of the guests, the first victim asked defendant to leave the party and, though he initially resisted, defendant ultimately returned to his residence. Several minutes later, both victims arrived at defendant's residence, and a physical altercation ensued between defendant and the first victim. The altercation ended when defendant shot and killed the first victim in the driveway of defendant's home. The second victim was also shot, but survived.
Defendant testified at trial that, almost immediately upon arrival at defendant's home, the first victim began punching him in the head, causing defendant to fall backward onto the ground. While defendant was lying on his back, the first victim stomped on defendant's leg and then straddled defendant's waist, pinning him to the ground while continuing to rain down blows. Defendant testified that he feared the first victim would inflict serious physical injury because the first victim was intoxicated and "I was on the ground. He was on top of me." Defendant, who testified that it was his regular practice to carry a legally licensed firearm, and who further testified that he had been carrying a handgun since earlier in the evening while attending the party at the first victim's home, drew his weapon and fired nine shots. Five of those shots struck the first victim, and at least one struck the second victim. Defendant testified that he did not intend to shoot the second victim, but that he had emptied the gun's magazine to ensure that the weapon could not be used against him.
It is reversible error for a trial court to fail to charge the jury with respect to the defense of justification when, "on any reasonable view of the evidence, the fact finder might have decided that defendant's actions were justified" (People v Padgett, 60 NY2d 142, 145 [1983]; see People v Maher, 79 NY2d 978, 982 [1992]). With respect to the defense of justification under Penal Law § 35.15 (2) (a), "a defendant is justified in using 'deadly physical force' upon another only if [*2]that defendant 'reasonably believes that such other person is using or about to use deadly physical force' " (People v Brown, 33 NY3d 316, 320 [2019]). "Deadly physical force means physical force which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [11] [internal quotation marks omitted]). In this context, deadly physical force "encompasses not merely the striking of the first blow or infliction of the first wound," but also "acts by a person that cause the defendant reasonably to believe that the defendant is facing the 'imminent threat' of deadly force" (Brown, 33 NY3d at 322). However, the Penal Law further provides that, for purposes of the defense of justification under Penal Law § 35.15 (2) (a), "a defendant is never justified in using deadly physical force if that defendant is the 'initial aggressor,' " i.e., "the first person in an altercation who uses or threatens the imminent use of deadly physical force" (Brown, 33 NY3d at 320, quoting Penal Law § 35.15 [1] [b]; see People v Petty, 7 NY3d 277, 285 [2006]). "If mere physical force is employed against a defendant, and the defendant responds by employing deadly physical force, the term initial aggressor is properly defined as the first person in the encounter to use deadly physical force," and the justification defense under Penal Law § 35.15 (2) (a) is inapplicable (Brown, 33 NY3d at 321; see People v McWilliams, 48 AD3d 1266, 1267 [4th Dept 2008], lv denied 10 NY3d 961 [2008]).
Here, viewing the evidence in the light most favorable to defendant (see Padgett, 60 NY2d at 144), we conclude that a reasonable view of the evidence supports defendant's request for a justification charge pursuant to Penal Law § 35.15 (2) (a). "Even if [the first victim] had not already employed deadly physical force against . . . defendant at the time . . . defendant allegedly used deadly physical force against [the first victim], the question remains whether . . . defendant could reasonably have believed that the use of such force against him was imminent" (People v Singh, 197 AD3d 1332, 1336 [2d Dept 2021]). The first victim was not armed, but defendant testified that he knew that the first victim owned at least one gun and that, at the time of the shooting, he did not know whether the first victim was armed. Further, defendant's testimony that the first victim pinned him down and was repeatedly punching his face and head could support a finding that defendant reasonably believed that such conduct presented an imminent threat of deadly force inasmuch as "[t]he natural and probable consequences of repeatedly striking a man while he is on the ground defenseless is that he will sustain a serious physical injury within the meaning of Penal Law § 10.00 (10)" (People v Meacham, 84 AD3d 1713, 1714 [4th Dept 2011], lv denied 17 NY3d 808 [2011]; see Singh, 197 AD3d at 1335-1336). Although defendant's version of the incident may be "dubious, a trial court is required to give the justification charge even where the defendant's version of events is 'extraordinarily unlikely' " (People v Freeman, 159 AD3d 1334, 1335 [4th Dept 2018]; see People v Smith, 62 AD3d 411, 411-412 [1st Dept 2009], lv denied 12 NY3d 929 [2009]).
We thus conclude that the judgment must be reversed, and that defendant is entitled to a new trial on counts 1 and 3 through 5 of the indictment. In light of our determination, we do not address defendant's remaining contentions.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court