Duran v Commercial Mexicana Internacional, Inc. (2023 NY Slip Op 03337)

Duran v Commercial Mexicana Internacional, Inc.

2023 NY Slip Op 03337

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-06005
 (Index No. 718314/20)

[*1]Anthony Peralta Duran, respondent, 
v
Commercial Mexicana Internacional, Inc., et al., appellants, et al., defendants.

Cascone & Kluepfel, LLP, Farmingdale, NY (Howard B. Altman of counsel), for appellants.
Gambone Law Group, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Commercial Mexicana Internacional, Inc., and John Doe appeal from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered July 13, 2022. The order denied the motion of the defendants Commercial Mexicana Internacional, Inc., and John Doe for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on December 21, 2018, when he was a passenger in a taxi which was struck by another vehicle. According to the plaintiff, the vehicle that struck the taxi was a truck which left the scene of the accident. The plaintiff also alleged that the truck was owned by the defendant Commercial Mexicana Internacional, Inc., and operated by the defendant John Doe (hereinafter together the defendants). The plaintiff alleged that the defendants were negligent in, inter alia, the ownership and operation of their vehicle. The defendants thereafter moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered July 13, 2022, the Supreme Court denied the motion. The defendants appeal.
"While the ultimate burden of proof at trial will fall upon the plaintiff, a defendant seeking summary judgment bears the initial burden of demonstrating its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form" (Collado v. Jiacono, 126 AD3d 927, 928; see Zuckerman v. City of New York, 49 NY2d 557, 562; Fobbs v Shore, 171 AD3d 874, 875). The ultimate burden of proof after trial plays no part in the assessment of whether there are relevant factual issues presented on a motion for summary judgment (see Collado v Jiacono, 126 AD3d at 928; see generally Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824).
Viewing the evidence in the light most favorable to the plaintiff and giving the plaintiff the benefit of all reasonable inferences that can be drawn from the evidence (see Valentin v Parisio, 119 AD3d 854, 855; see also Bravo v Vargas, 113 AD3d 579, 582), the defendants failed [*2]to eliminate all triable issues of fact as to whether their vehicle was involved in the accident.
Since the defendants' submissions demonstrated that there are triable issues of fact, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., GENOVESI, VOUTSINAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court