MHK Assoc., LLC v Trapp (2023 NY Slip Op 51263(U))

[*1]

MHK Assoc., LLC v Trapp

2023 NY Slip Op 51263(U)

Decided on November 22, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 22, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

571020/23

MHK Associates, LLC, Petitioner-Landlord-Respondent, 
against
George Trapp, Respondent-Tenant-Appellant.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Evon M. Asforis, J.), dated July 5, 2023, which denied his motion for summary judgment dismissing the petition, for leave to conduct discovery with respect to the counterclaims and to consolidate this proceeding with another holdover summary proceeding.

Per Curiam.
Order (Evon M. Asforis, J.), dated July 5, 2023, affirmed, with $10 costs.
This holdover proceeding, premised upon tenant's failure to sign a renewal lease, is not subject to summary dismissal. The evidentiary proof submitted by tenant failed to establish the absence of material issues of fact with respect to the validity of the lease renewal offer tendered by landlord, including whether the renewal was "at the legal regulated rent permitted for such renewal lease and otherwise on the same terms and conditions as the expiring lease" (Rent Stabilization Code [9 NYCRR] § 2523.5[a]).
Civil Court providently exercised its discretion in denying, as "not narrowly and carefully tailored," tenant's overbroad discovery request with respect to the counterclaims, which sought extensive records about the subject building, the adjoining building, other tenants, vendors, etc. (see Kantor v Kaye, 114 AD2d 782 [1985]; see also Crandall v Equinox Holdings, Inc., 206 AD3d 552 [2022]; New York Univ. v Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983]). We also find no reason to disturb the court's sound exercise of its discretion in denying consolidation of this case with another proceeding involving another tenant and lease in the building, with different facts and a different defense to the nonrenewal allegation (see McGinty v Structure-Tone, 140 AD3d 465 [2016]; H. H. Robertson Co. v New York Convention Ctr. Dev. Corp., 160 AD2d 524 [1990]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 22, 2023