Gibbs v 1429 Food Corp. (2025 NY Slip Op 02911)

Gibbs v 1429 Food Corp.

2025 NY Slip Op 02911

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-03977
 (Index No. 520989/18)

[*1]Cecil Gibbs, appellant, 
v
1429 Food Corp., etc., et al., respondents.

Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Farber Brocks & Zane LLP, Garden City, NY (Lester Chanin of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated April 10, 2023. The judgment, upon an order of the same court dated March 9, 2023, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly.
On October 18, 2017, the plaintiff allegedly was injured during an altercation between himself and the defendant Azizullah Nasiry in a store owned by the defendant 1429 Food Corp. The incident, which was captured on surveillance video from inside the store, arose from a disagreement over the plaintiff's request for Nasiry, the manager of the store, to give him change for a $20 bill. The disagreement escalated until the plaintiff lunged onto a counter through the open portion of a glass barrier separating the customer area from the employee area. The video shows that a customer grabbed the plaintiff to pull him back and the plaintiff started to withdraw from the counter. Nasiry then charged toward the counter with a knife and swung or lunged the knife at the plaintiff. The plaintiff's elbow allegedly was lacerated by the knife.
In October 2018, the plaintiff commenced this action to recover damages for personal injuries against the defendants. Thereafter, the defendants moved for summary judgment dismissing the complaint, arguing that Nasiry acted justifiably in self-defense by using the knife. In an order dated March 9, 2023, the Supreme Court granted the defendants' motion. On April 10, 2023, the court issued a judgment, upon the order, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
Viewing the evidence in the light most favorable to the plaintiff and affording the plaintiff the benefit of all reasonable inferences that can be drawn from the evidence (see Moonilal v Roman Catholic Church of St. Mary Gate of Heaven, 225 AD3d 592, 593; Duran v Commercial [*2]Mexicana Internacional, Inc., 217 AD3d 840, 841), the defendants failed to establish their prima facie entitlement to judgment as a matter of law. While the defendants submitted a transcript of Nasiry's deposition testimony that he merely swung the knife to "scare" the plaintiff and that the knife did not come in contact with the plaintiff, the defendants also submitted a transcript of the plaintiff's deposition testimony that Nasiry "swung [the knife] at my face" and that the knife cut his elbow, causing him to bleed and requiring him to go to the hospital for medical treatment. The defendants' submissions, including the video showing the incident, were insufficient to eliminate triable issues of fact as to whether Nasiry's use of the knife was readily capable of causing death or serious physical injury to the plaintiff, regardless of the degree of injury Nasiry intended or actually inflicted, and thus, constituted the use of deadly physical force (see Penal Law § 10.00[11]; People v Newsom, 189 AD3d 1469, 1469).
In addition, the defendants failed to eliminate triable issues of fact as to whether Nasiry was the "initial aggressor," "the first person in an altercation who uses or threatens the imminent use of deadly physical force" (People v Brown, 33 NY3d 316, 320 [internal quotation marks omitted]; see People v Swanton, 216 AD3d 1441, 1443). Although Nasiry claimed that the plaintiff "threaten[ed] to kill me" before Nasiry used the knife, the plaintiff's account of the incident did not involve any such threats having been made. Moreover, there is no indication from the video or other submissions that the plaintiff ever displayed or possessed a weapon, and Nasiry never testified that he observed the plaintiff to be in possession of a weapon. Thus, the defendants' submissions were insufficient to eliminate triable issues of fact as to whether it was reasonable for Nasiry to believe that the plaintiff was about to use deadly physical force.
Furthermore, the defendants failed to eliminate triable issues of fact as to whether Nasiry was justified to use deadly physical force under the circumstances (see Fauntleroy v EMM Group Holdings LLC, 133 AD3d 452, 453). Since the video shows that the plaintiff was already in the process of backing away from the counter before Nasiry swung or lunged the knife at him, there are triable issues of fact as to whether it was reasonable for Nasiry to believe either that the plaintiff was "about to use deadly physical force," which required the use of deadly physical force to prevent (Penal Law § 35.15[2][a]), or that deadly physical force was necessary to prevent or terminate an attempted burglary (see id. §§ 35.15[2][c]; 35.20[3]).
The defendants' remaining contentions are without merit.
Accordingly, since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court