CCML Holdings, LLC v Kalmenson (2025 NY Slip Op 50786(U))

[*1]

CCML Holdings, LLC v Kalmenson

2025 NY Slip Op 50786(U) [85 Misc 3d 143(A)]

Decided on May 19, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 19, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570367/24

CCML Holdings, LLC,
Petitioner-Landlord-Respondent,

against

Stuart Kalmenson, Respondent-Tenant-Appellant, and

"Doe #1" and/or "Doe #2," Respondents-Undertenants.

Tenant, as limited by his briefs, appeals from those portions of an order of the Civil
Court of the City of New York, New York County (Joan Rubel, J.), dated November 1,
2024, which denied his motions for partial summary judgment and for discovery in a
holdover summary proceeding.

Per Curiam.

Order (Joan Rubel, J.), dated November 1, 2024, affirmed, with $10 costs.

This holdover proceeding, premised upon tenant's holding over after the expiration
of his unregulated lease, is not subject to summary dismissal. While landlord will have
the burden of proof at trial to prove that the apartment is not subject to rent regulation
(see Pineda v Irvin, 40 Misc
3d 5, 6 [App Term, 1st Dept 2013]), tenant, as the party moving for summary
judgment has the initial burden of showing the "entitlement to judgment as a matter of
law by submitting evidentiary proof in admissible form" (see Duran v Commercial Mexicana
Internacional, Inc., 217 AD3d 840, 841 [2023]). Here, the evidentiary proof
submitted by tenant failed to establish the absence of material issues of fact as to whether
the subject building, which was allegedly converted to a cooperative in 1986, was not
subject to the post—1974 exemption from rent stabilization contained in 9
NYCRR § 2520.11 (l) (see
Rapone v Katz, 30 Misc 3d 132[A], 2011 NY Slip Op 50043[U][App Term, 1st
Dept 2011]).

Civil Court providently exercised its discretion in denying tenant's overbroad
discovery requests, which sought extensive records about the operations of the building
(see Kantor v Kaye, 114 AD2d 782 [1985]; see also Crandall v Equinox Holdings, Inc., 206 AD3d 552
[2022]; New York Univ. v Farkas, 121 Misc 2d 643 [Civ Ct, NY County
1983]).

Tenant's remaining contentions either relate to determinations made in prior
unappealed orders which are not properly before this court or are without merit.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur
Decision Date: May 19, 2025